**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CHRISTINE V. WALKER, ) | |
| ) | CASE NO.   1:08-CV-2802 |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff Christine V. Walker ("Walker"), through counsel Paulette F. Balin ("Balin"), filed a timely application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. No. 25.)  The Commissioner of Social Security ("Commissioner") filed a response to Walker's motion arguing that EAJA fees were not appropriate in this case.  (Doc. No. 26.)  Walker filed a reply brief.  (Doc. No. 27.)  The parties consented to the jurisdiction of the undersigned Magistrate Judge for entry of final judgment in this case pursuant to 28 U.S.C. § 636(c)(1).  (Doc. No. 20.)  For the following reasons, Walker's motion for attorney's fees is GRANTED.

**I. Procedural History**

The instant action was filed on November 28, 2008.  (Doc. No. 1.)  On October 23, 2009, the Court vacated the decision of the Commissioner and remanded the matter so that an Administrative Law Judge ("ALJ") may "issue a new decision containing an analysis that sufficiently addresses the factors set forth in SSR 96-7p."  (Doc. No. 23.)  Walker filed a timely motion for attorney fees pursuant to the EAJA in the amount of $5,376.75, representing 32.1 hours at $167.50 per hour, payable directly to counsel.  The Commissioner opposes the request

and asserts that the government's position was substantially justified. (Doc. No. 26.) The Commissioner has not challenged the amount of time expended by counsel as unreasonable or the amount requested as excessive. *Id.*

## II. Analysis

**A.  Applicable Law**

The EAJA "'departs from the general rule that each party to a lawsuit pays his or her own legal fees' and requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified," or special circumstances would make an award unjust. *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004) (*quoting Scarborough v. Principi*, 504 U.S. 401 (2004)); *see also* 28 U.S.C. § 2412(d)(1)(A).  It is undisputed that Walker is an eligible and prevailing party.

The "substantial justification standard" is essentially one of reasonableness. *Sullivan v. Hudson*, 490 U.S. 877, 884 (1989); *Pierce v. Underwood*, 487 U.S. 552, 562-565 (1989). The pertinent inquiry is whether the Commissioner's litigating position had a reasonable basis in law and fact. *Pierce*, 487 U.S. 552, 565.  The reversal of the Commissioner's decision, even on the basis of a lack of substantial evidence, does not "raise the presumption that the Government's position was not substantially justified" for purposes of the EAJA. *Id.*; *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989).

**B.  Commissioner's Litigation Position**

The Commissioner asserts that his position was substantially justified because "there was a rational basis for assuming that the ALJ's decision should be defended." (Doc. No. 26 at 3.) In support of this statement, the Commissioner relies primarily on the objective evidence of record, as did the ALJ, and discusses the lack of functional limitations in the record greater than those actually found by the ALJ. (Doc. No. 18.)  The Commissioner also points out that the Court's finding the government's position to be incorrect does not automatically render it unjustifiable.  *See Jackson v. Chater*, 94 F.3d 274, 279-280 (7th Cir. 1996) ("being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action.")

2

The question remains whether the ALJ failed to follow the requirements of SSR 96-7p and 20 C.F.R. § 416.929(c)(3) in finding that Walker's allegations of disabling symptoms were not credible. The Court found that the ALJ's superficial reference to SSR 96-7p was insufficient. His credibility finding did not discuss Walker's daily activities, the level or duration of her pain, factors that aggravate her pain, or the medication/treatment she has taken to alleviate her pain and its effect. (Doc. No. 23.) As discussed in the Court's opinion, the ALJ's singular focus on the lack of corroborating objective medical evidence was unreasonable given the nature of fibromyalgia as recognized by decisions in this Circuit. The Sixth Circuit has ordered awards of attorneys' fees under the EAJA where the government's litigating position was inconsistent with established precedent. *See, e.g., Caremore, Inc. v. NLRB*, 129 F.3d 365, 371 (6th Cir. 1997). In addition, "Social Security Rulings are binding on all components of the Social Security Administration. These rulings represent 'precedent final opinions and orders and statements of policy and interpretations that [the Social Security Administration] ha[s] adopted.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 834 (6th Cir. 2006) (*quoting* 20 C.F.R. § 402.35(b)(1)).

Thus, viewing the government's litigation in its entirety, the Commissioner was not substantially justified in defending a decision that failed to follow well-established procedures and precedent. As such, the Court finds that Walker is entitled to attorney's fees under EAJA.

**C. Payment**

As noted above, the Commissioner has not challenged the amount of time expended by counsel as unreasonable or the amount requested as excessive. As such, the Court finds no basis for altering the fee request submitted by Walker through counsel. The Sixth Circuit recently held that pursuant to the EAJA, attorney fees are to be awarded to the plaintiff who is the "prevailing party," not his counsel. *Bryant v. Comm'r. of Soc. Security*, 578 F.3d 443, 446-449 (6th Cir. 2009). This holding was found to be applicable even when a written fee contract was entered into calling for assignment of any EAJA award to the attorney. *See Rosenstiel v. Astrue, Comm'r. of Soc. Security*, 2009 WL 3061996, *2, Case No. 2:08-231 (E.D. Ky. Sept. 22, 2009)(unpublished). Nonetheless, the United States Supreme Court has noted that statutory fee

awards can coexist with private fee arrangements. *Venegas v. Mitchell*, 495 U.S. 82, 88 (1990). Under § 1988, which legal principles are similar to the EAJA, the Supreme Court has noted that "it is the party's right to waive, settle, or negotiate" a claimant's eligibility to attorney fees. *Venegas*, 495 U.S. at 87-89.

In the instant matter, Walker attaches an agreement which shows that on August 27, 2009, she consented to have all EAJA fees assigned to counsel. (Doc. No. 25-4.) Therefore, attorney fees in the sum of $5,376.75 are awarded to attorney Balin.

### III. Conclusion

Walker's application for attorney fees under the EAJA (Docket No. 25) is hereby GRANTED. The Court awards $5,376.75 to attorney Balin. This Court authorizes Defendant to make payment to Paulette F. Balin, 7372 Lakeshore Boulevard, Mentor, Ohio 44060.

IT IS SO ORDERED.

                                                      s/ Greg White
                                                      United States Magistrate Judge

Date: February 16, 2010